Littleton, Judge,
delivered the opinion of the court:
Plaintiff filed his petition herein seeking to recover $4,979.44 for work alleged to have been done pursuant to the provisions of a contract with the Government for the construction of one field officers’ quarters and fifteen company officers’ quarters at Fort McClellan, Alabama.
Defendant demurs to the petition on the ground that it does not state a cause of action against the United States.
It appears from the allegations of the petition that plaintiff, on January 13, 1930, submitted a bid to the construction quartermaster at Ft. McClellan, Alabama, for the construction of one field officers’ quarters and fifteen company officers’ quarters. The contract was awarded to him February 12, 1930, but he was not ordered to proceed with the work until March 17. Between the date of the bid and the date he received notice to proceed the Government let a separate contract for grading the entire building site, of which plaintiff had no notice. The plans and specifications under which plaintiff made his bid did not call for any grading of the building site and did not indicate that any grading contract was to be let by the defendant, and did not inform plaintiff of the fact that this would be done.
*574 The buildings which plaintiff’s contract required to be constructed were on two ridges of ground several hundred feet apart. At the time the plans and specifications were drawn and at the time the plaintiff made his bid, there were several roads in the area which plaintiff intended to use in hauling materials to and from the site on which he was to construct the buildings. These roads ran through a partly wooded section of the area and there was sufficient room between the trees to permit hauling before the contract for grading the site preparatory to the construction of buildings was let by the Government.
. After the grading had been done pursuant to the grading contract, the roads which plaintiff had contemplated using were totally' obliterated and the trees were left standing on mounds of earth so that there was not sufficient room between these mounds to permit hauling.
The condition of the soil at the time plaintiff submitted his bid was of a nature that materials, such as slag and sand, could be unloaded directly upon it and be easily handled, but after the grading had been completed it was necessary to construct wooden platforms or bins upon which to unload such materials in order to facilitate the handling thereof and to afford a smoother shoveling surface.
Drainage of the soil in its natural unimproved state was if such a character that plaintiff would have had no difficulty after rains in proceeding with the work, but as a result of the grading the whole area became a soggy mass after every substantial rainfall and it was practically impossible to pass from building to building as was necessary by the exigencies of the building project. By reason of these conditions it was necessary for plaintiff to build new roadways and construct platforms or bins for the purposes above mentioned in order to complete his work in accord- . anee with the terms of his contract. This resulted in an expense to him of about $4,979.44 which he did not contemplate at the time he submitted his bid to furnish all labor and materials and to perform all the work required for the construction of the buildings for $189,500.
Plaintiff contends that the work which it was necessary for him to do in preparing new roadways to the site of the *575 work and in constructing platforms and bins to handle certain materials, which he had not contemplated at the time of making his bid to furnish the materials and to construct the buildings in question, was extra work done under and pursuant to the provisions of his contract with the Government and that he is entitled to recover expenses on this account. We cannot agree.
Plaintiff’s contract and the specifications did not require him to do any grading or any work in preparing the site in such manner as might be required by the Government preparatory to construction of the buildings. Except as stated in article 13 of plaintiff’s contract, no reference was made to this in the plans and specifications under which he made his bid and he was not otherwise advised that the Government would do any grading or let another contract therefor. But there was nothing in plaintiff’s contract obligating the Government to keep the old roadways open, or otherwise to maintain topographical conditions of the site of the buildings during the period plaintiff should be engaged on his construction work.
Although plaintiff contemplated he would be able to haul his materials to the site of the work without going to any expense to prepare new roadways and that he would be able to handle his materials, such as slag and sand, without any expense for platforms or bins therefor, there was no express or implied representation or warranty by the Government that he would be able to do so and this was, therefore, a risk assumed by him. Morever, we think the specifications and blue prints furnished plaintiff, and upon which he made his bid, which indicated the foundation levels and grades of the various buildings, put plaintiff on notice as an experienced builder that grading would be necessary. In addition, plaintiff’s contract in article 13 gave him notice that contracts for additional work might be awarded at any time by the Government. This provision stated that “ the Government may award other contracts for additional work, and the contractor shall fully cooperate with such other contractors and carefully fit his own work to that provided under other contracts as may be directed by the contracting officer. The contractor shall not commit or *576 permit any act which will interfere with the performance of work by any other contractor.” The work of grading was such additional work.
It appears that the Government let the grading contract before plaintiff commenced work under his contract. No claim appears to have been made that he was being required under the contract to perform extra work as contemplated thereby and that he was entitled to compensation therefor until after the work had been completed, when he submitted a claim to the Comptroller General which was refused (paragraph 1 of the petition).
We are of opinion that the work by plaintiff to provide adequate means of access to the site of the work and the construction of bins and platforms for the handling of his materials was not extra work for which he was entitled to compensation under the contract. But, assuming that this could be regarded as extra work, plaintiff has no cause of action for the reason that article 5 of the contract provided that “ no charge for anjr extra work or material will be allowed unless the same has been ordered in writing by the contracting officer and the price stated in such order.” The price was not fixed and no written order was given.
The demurrer is sustained and the petition is dismissed. It is so ordered.
Wi-ialev, Judge; Williams, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.